IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYREE JACKSON, | § | |
| | § | No. 248, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1908012526 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: January 30, 2024
Decided:  April 22, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the non-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)     In October 2019, appellant Tyree Jackson was charged by indictment with three counts of drug dealing, three counts of possession of a firearm during the commission of a felony, three counts of possession of a firearm by a person prohibited ("PFBPP"), six counts of endangering the welfare of a child, one count of aggravated possession, one count of possession of ammunition by a person prohibited, and one count of second-degree conspiracy.  On February 24, 2020, Jackson pleaded guilty to one count of PFBPP.  In exchange for his guilty plea, the

State agreed not to file a habitual-offender petition and to dismiss the remaining charges. The Superior Court sentenced Jackson in accordance with the plea agreement to fifteen years of incarceration, suspended after the minimum-mandatory term of ten years for six months of Level IV probation followed by eighteen months of Level III probation. Jackson did not appeal his conviction or sentence.

(2) In December 2020, Jackson filed a *pro se* motion for postconviction relief under Superior Court Criminal Rule 61. At Jackson's request, the Superior Court appointed counsel to represent him. Postconviction counsel filed an amended motion for postconviction relief raising one claim: trial counsel was ineffective for failing to move to suppress the evidence because Jackson's initial detention was not supported by reasonable articulable suspicion.[1] After expanding the record with briefing, an affidavit from trial counsel, oral argument, and supplemental briefing, the Superior Court denied Jackson's motion.[2] This appeal followed.

(3) On appeal, postconviction counsel has filed a brief and a motion to withdraw under Rule 26(c). Postconviction counsel asserts that, after a complete and careful examination of the record, he could not identify any arguably appealable issues. Postconviction counsel informed Jackson of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and a draft of the accompanying

---

[1] At one point, Jackson told the court that he wished to proceed *pro se* to supplement counsel's amended motion, but he withdrew the request shortly thereafter.

[2] *State v. Jackson*, 2023 WL 4104290 (Del. Super. June 20, 2023).

brief. Postconviction counsel also informed Jackson of his right to supplement his attorney's presentation. Jackson has raised issues for the Court's consideration, which postconviction counsel attached to the Rule 26(c) brief. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(4) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that arguably could be raised on appeal.[3] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[4]

(5) The record reflects the following. On April 19, 2019, police were monitoring a city-owned surveillance camera in the area of the 200 block of North Harrison Street in Wilmington, Delaware. The area covered by the camera included 208 North Harrison Street ("the residence"). The camera captured footage of a man—later identified as Malik Youngblood—engaging in suspected hand-to-hand

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[4] *Penson*, 488 U.S. at 81-82.

drug transactions in front of the residence.[5] Another individual, later identified as Jackson, was also present. Around 11:24 a.m., Jackson and Youngblood scrambled quickly into the residence in response to seeing an individual with a handgun.[6] Approximately one minute later, Jackson ran out of the residence and down North Harrison Street with a black handgun in plain view.[7] After standing at the intersection of North Harrison Street and Second Street for a few moments, Jackson turned around and retreated into the residence.[8] In response to these events, police officers responded and ordered the occupants of the residence to exit.[9] Jackson complied, and an officer immediately detained him.[10] After ascertaining Jackson's identity and conducting a criminal background check, police learned that Jackson was a person prohibited from owning or possessing a firearm. Because witnesses informed them that there were children still inside the residence, the officers conducted a protective sweep of it, during which they observed marijuana plants in plain view. Police then obtained a search warrant for the residence and found additional drugs and three firearms (one loaded black 9mm Beretta handgun, one loaded black High Standard .357 magnum revolver, and one black Ruger .223 ranch

---

[5] *Jackson*, 2023 WL 410420, at *2.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at *3.
[10] The police also detained Youngblood, who exited the house with several children, when he emerged.

4

rifle). After waiving his *Miranda* rights, Jackson admitted that he had purchased a .357 magnum revolver earlier in the day.

(6) Jackson's arguments that he has submitted for the Court's consideration may be fairly summarized as follows: trial counsel was ineffective for failing to move to suppress the evidence obtained (i) pursuant to the search warrant issued for the residence; (ii) from the warrantless protective sweep of the residence; and (iii) through Jackson's detention, which, he argues, was not based on reasonable articulable suspicion. In connection with these claims, Jackson also maintains that his guilty plea was coerced. After careful review, we find no merit to Jackson's arguments.

(7) We review Jackson's claims of ineffective assistance of counsel under the well-known two-part test articulated in *Strickland v. Washington*.[11] In order to prevail on an ineffective assistance of counsel claim, the defendant must (i) show that counsel's representation fell below an objective standard of reasonableness and (ii) demonstrate prejudice.[12] Although not insurmountable, the *Strickland* standard is deferential and our review of counsel's representation is "subject to a strong presumption that the representation was professionally reasonable."[13] "Objectively unreasonable performance is performance where no reasonable lawyer would have

---

[11] 466 U.S. 668 (1984).
[12] *Id.* at 688, 694.
[13] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

5

conducted the defense as this lawyer did."[14] In the context of a guilty plea, the defendant establishes "prejudice" when he can show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[15]

(8)     We review Jackson's first two ineffective assistance of counsel claims for plain error because they were not presented to the trial court in the first instance.[16] We find no plain error here. Because there is no evidence that Jackson had a reasonable expectation of privacy at the residence, he lacked standing to challenge the search warrant,[17] and trial counsel was not ineffective for failing to file a meritless motion to suppress. For the same reason, we also reject Jackson's claim that counsel was ineffective for failing to file a motion to suppress the evidence obtained during the protective sweep of the residence.

---

[14] *Owens v. State*, 301 A.3d 580, 588-89 (Del. 2023) (cleaned up).

[15] *Albury v. State*, 551 A.2d 53, 60 (Del. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

[16] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[17] *See Wilson v. State*, 2002 WL 31106354, at *1 (Del. Sept. 18, 2002) ("The fact that [the defendant] was alone in [the] home in the afternoon, wearing no shoes, establishes only that he was a casual guest. As such, he has no standing to contest the validity of the search."). Jackson argued for the first time during oral argument in the Superior Court that he was an overnight guest at his codefendant's home. Because he did not raise this claim in his amended motion for postconviction relief, trial counsel did not respond to it, and we do not know if Jackson told trial counsel that he was an overnight guest at the house. Trial counsel's affidavit, which describes his efforts to mount a defense to Jackson's charges, suggests, however, that he did not believe that Jackson had standing to challenge the sweep or the warrant.

6

(9)  Turning to Jackson's claim that counsel was ineffective for failing to move to suppress the evidence based on Jackson's initial detention, trial counsel squarely addressed this claim in his affidavit.  Although counsel agreed that he had originally opined—based on the limited testimony and evidence presented at Jackson's preliminary hearing—that there were grounds for filing a meritorious motion to suppress, his opinion changed after reviewing "hours" of "extensive" video surveillance of the residence during the morning of August 19, 2019.[18] Specifically, trial counsel opined that he "did not reasonably believe that a suppression motion would have been successful in light of the multiple drug transactions that had been observed being conducted by Youngblood on the front porch of the residence in which Defendant Jackson was present with a handgun."[19] Rather than file a frivolous suppression motion, trial counsel "focused on attempting to mitigate the difficult situation in which Defendant Jackson found himself … given his eligibility for sentencing as a[] habitual offender."[20]  We note that trial counsel successfully secured the State's agreement to refrain from seeking habitual offender sentencing.  In light of the evidence in the record, we cannot find that counsel's representation fell below an objective standard of reasonableness.  Moreover, Jackson has not shown that, but for trial counsel's failure to file a motion to suppress

---

[18] App. to Opening Br. at A423-24.
[19] *Id.* at A424.
[20] *Id.* at A424.

7

based on Jackson's initial detention, there is a reasonable probability that he would have not availed himself of the plea agreement, but would have gone to trial on the eighteen-count indictment and faced sentencing as a habitual offender.

(10) Finally, we also review Jackson's claim that his plea was coerced for plain error because it was not raised below. The record before the Court reflects that the plea provided a substantial benefit to Jackson—as noted, the State dismissed seventeen other charges in exchange for Jackson's guilty plea to one count of PFBPP, and Jackson avoided being declared (and sentenced as) a habitual offender. Indeed, Jackson received the minimum-mandatory sentence for PFBPP. Under these circumstances and taking into consideration Jackson's representations on the Truth-in-Sentencing Guilty Plea Form as well as his sworn testimony during the guilty plea colloquy, Jackson's claim of coercion is belied by the record.[21]

(11) The Court has reviewed the record carefully and has concluded that Jackson's appeal is wholly without merit and devoid of any arguably appealable issue. We are also satisfied that Jackson's counsel has made a conscientious effort to examine the record and the law and has properly determined that Jackson could not raise a meritorious claim in this appeal.

---

[21] *See Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) ("In the absence of clear and convincing evidence to the contrary, [a defendant] is bound by his answers on the Truth-in-Sentencing Guilty Plea From and by his sworn testimony prior to the acceptance of the guilty plea.").

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice